

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Mr. E. B. Lewis
County Attorney
Cherokee County
Rusk, Texas

Dear Mr. Lewis:

Opinion Number O-1314
Re: Does the City Commission of
Jacksonville have authority to
issue bonds and levy a tax in pay-
ment thereof for the purpose of con-
structing a livestock exposition
building?

We are in receipt of your opinion request of recent date and quote
from your letter as follows:

"At the request of the City Commission of the City of Jacksonville, I will
appreciate your opinion upon the following question:

"(1) Is there authority for the City Commission of said city to issue bonds
and levy a tax in payment thereof for the purpose of constructing a livestock
exposition building?

"(2) If the qualified property taxpaying voters of the City of Jacksonville
act favorably upon a proposal to authorize the City Commission of said city
to issue bonds for the purpose of constructing a livestock exposition build-
ing at an election duly and legally called and held, and all orders and ord-
inances are duly and legally entered and certified copies thereof, together
with other instruments required by Article 709, R.C.S. 1925, are presented
for your examination and found regular, will you issue your certificate of
approval of said bonds?"

In order to determine whether a municipality has power to issue
bonds, it is first necessary to ascertain if any statute or charter provi-
sion exists in regard thereto. If there is such a provision, the question
arises whether the purpose of the proposed bond issue is within the terms
of such charter provision. If the charter provision is applicable, it must
further be considered whether the purpose of the issue is a public as dis-
tinguished from a private purpose. If the purpose is purely a private one,
there is no power to issue, without regard to the existence of any statutory
or charter provisions, since even the Legislature can not authorize the issu-
ance of bonds for a purely private purpose. McQuillin Municipal Corporations,
2nd Ed., Section 2436; American National Insurance Co.m v. Donald, 83 S.W.,
(2d) 947.

Mr. E. B. Lewis, page #2

> certified copies thereof together with
> other instruments required by Article 709,
> R. C. S. 1925, are presented for your ex-
> amination and found regular, will you issue
> your certificate of approval of said bonds?"

In order to determine whether a municipality has power to issue bonds, it is first necessary to ascertain if any statute or charter provision exists in regard thereto. If there is such a provision, the question arises whether the purpose of the proposed bond issue is within the terms of such charter provision. If the charter provision is applicable, it must further be considered whether the purpose of the issue is a public as distinguished from a private purpose. If the purpose is purely a private one, there is no power to issue, without regard to the existence of any statutory or charter provisions, since even the Legislature can not authorize the issuance of bonds for a purely private purpose. McQuillin Municipal Corporations, 2nd Ed., Section 2436; American National Insurance Co., v. Donald, 83 S. W., (2d) 947.

Article X, Section 1 of the Charter for the City of Jacksonville provides as follows:

> "The governing authority of the city
> shall have the power to appropriate so much
> of the general revenue of the city as may
> be necessary for the purpose of retiring and
> discharging the accrued indebtedness of the
> city and for the purpose of improving the
> streets, constructing sewers, erecting and
> maintaining public buildings of every kind,
> and for purchasing or constructing water works
> plants and systems, and for the purpose of
> erecting, maintaining and operating an elec-
> tric light plant, or plants, and such other
> public utilities as the governing body may

Mr. E. B. Lewis, page 3 (O-1314)

operates as a declaration by the Supreme Court of Texas that a live stock exposition building erected by a city is a public building and serving a public purpose.

Therefore, it is our opinion that under Article 10, Section 1 of the charter of the City of Jacksonville, providing for the "erecting and maintaining of public buildings of every kind . . . and to issue coupon bonds therefor", the city may issue bonds and levy a tax in payment therefor," the city may issue bonds and levy a tax in payment thereof for the purpose of constructing a live stock exposition building.

In reply to your second question, if the qualified property tax-paying voters of the City of Jacksonville act favorably upon the proposal to authorize the City Commission of said city to issue bonds for the purpose of constructing a live stock exposition building at an election duly and legally called and held, and all orders and ordinances are duly and legally entered and certified copies thereof, together with other instruments required by Article 709, Revised Civil Statutes, are presented to this department and found regular in every detail, we will issue our certificate of approval of said bonds.

Trusting that this answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Claud O. Boothman

Claud O. Boothman
Assistant

COB-s:egw

APPROVED SEP 16, 1939
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By P. M. N.
Chairman